## JOHNSON *vs.* MAXON.

J, as the agent of M's creditors, prosecuted M under the non-imprisonment act.   M thereupon sued J for false imprisonment, claiming that ;the matters laid before the Justice did not make out a *prima facie* case to authorize a warrant.   The statute requires "satisfactory evidence" to be adduced to the Justice as a ground-work for the proceeding.— *Held,* That if there is any evidence legally tending to establish the statutory requirements, a court of review will not inquire whether it would deem the evidence "satisfactory;" and that if the process was irregular or wrongly, or improvidently issued, if it was sued out through bad or indefensible motives, and yet was not absolutely void, the imprisonment was not false in any sense adequate to support the charge preferred.   If it was wholly void and yet was obtained or allowed in perfect good faith and without any wrong motive not only J but the magistrate was liable.

Proceedings under the non-imprisonment act available to others than judgment creditors.

*Held,* That while a valid levy subsists on sufficient personal property, it is irregular to commence proceedings under this statute, and that a party proceeded against in both ways simultaneously may allege the same for error.   But the jurisdiction ought not to be assailed in an indirect manner on this ground, through the medium of an action for false imprisonment.

The non-imprisonment act is constitutional.

Error to Bay Circuit.

*Opinion by* GRAVES, J.—Maxon prosecuted Johnson for an alleged false imprisonment, and the latter sought to defend by showing that the imputed trespass consisted of an arrest and imprisonment

by means of a proceeding under the non-imprisonment act. The Court below excluded the defense on the ground that the proceedings in question were absolutely void.

The action is trespass and the party sought to be charged was a person alleged to have prosecuted those proceedings as an agent of the creditor. The ground for the action was that the plaintiff was imprisoned under color of process claimed by him to be void, and which defendant insists was not void, and the fundamental question litigated was whether the Justice acted with or without jurisdiction. If the process was irregular or wrongly or improvidently issued, if it was sued out through bad or indefensible motives, and yet was not absolutely void, the imprisonment was not false in any sense adequate to support the charge preferred. If it was wholly void and yet was obtained or allowed in perfect good faith and without any wrong motive, not only Johnson, but the magistrate was liable — The leading objection taken to the proceeding was that the matters laid before the Justice as evidence to authorize a warrant, not only did not make out a *prima facie* case, but had no legal tendency to prove what the statute required.

By the statute, the Justice is not to isssue the warrant unless "satisfactory evidence" is adduced to the Justice of certain prescribed particulars which are intended as the ground-work of the proceeding, and it is provided that, "upon such proof being made to the satisfaction of the officer to whom the application shall be made, he shall issue a warrant."

*Held*, That this Court will not examine into the evidence presented to the officer to determine whether it is "satisfactory" to this Court, but if they find there was any evidence of the required facts submitted to him, then if he issued the warrant, it will be presumed that it was satisfactory to such officer, and if so he had jurisdiction to issue the warrant. The law does not make the jurisdiction depend on the weight of the evidence in the abstract, or on the conflicting opinions of different courts or magistrates respecting the cogency or conclusiveness of the evidence. The officer is not required to exercise his judgment upon the sufficiency of the evidence at the peril of being made liable as a trespasser if he happens to be mistaken. His decision may involve an error to be corrected and still be unassailable for defect of jurisdiction. If, therefore, the evi-

dence laid before the Justice had a legal tendency to make out a case in all its parts, then however weak and inconclusive the evidence was, this Court is not at liberty to review it, and convert the actions of Johnson into trespass solely upon a conclusion that the Justice ought not to have been satisfied with the showing.

It is suggested that the creditor, to be entitled to proceed under the act, must be a judgment creditor, and that this must be shown.

*Held,* That this is erroneous, and that the proceeding was intended to be available only where there should be no judgment creditors at all.

The Court then proceeds to examine and comment upon the proofs laid down before the Justice, and concludes that the intrinsic character of the evidence was such as to present a question for the judgment of the Justice upon the weight and conclusiveness of the evidence, and as a consequence to invest the magistrate with jurisdiction. "But," it is added, "while this is so we cannot avoid adding that the case made before the Justice was, in our opinion, altogether too weak to serve as a ground for a warrant."

It was objected to the proceedings that when those proceedings were commenced the attachment in the suit commenced by the creditor had been levied upon what is claimed to have been sufficient o Maxon's goods and chattels to satisfy the debt. It is insisted that this fact of its own force rendered the proceedings void, and may consequently be shown in this action to deprive them of all efficacy as a shield or defense for Johnson.

*Held,* That while a valid levy subsists on sufficient personal property, it is irregular to commence proceedings under this statute, and that a party proceeded against in both ways simultaneously may allege the same for error. But the jurisdiction ought not to be assailed in an indirect manner on this ground, through the medium of an action for false imprisonment like the present.

Finally, it is objected that the act is unconstitutional. In support of this it is said that the remedy contemplated is a criminal prosecution within the meaning of section 28, article 6, of the Constitution, and being required to be carried on before a judicial officer, without a jury, the statute is void.

*Held,* That this proposition is wholly untenable. The present point was not involved in *Bromley vs. The People,* 7 *Mich.,* 472.—

The opinion in that case in no manner countenanced the idea that the proceeding was criminal in any such sense as to make the intervention of a jury necessary. The non-imprisonment act is not impugned by the Constitution as claimed, and the proceedings before the Justice were not void for want of jurisdiction, and they were legally admissible upon the trial as a ground of defense by Johnson.

The judgment of the Court below must be reversed, with costs and a new trial ordered.